UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JARYAN B. WASHINGTON                                    CIVIL ACTION

VERSUS                                                  NUMBER: 15-1653

SHERIFF MARLIN N. GUSMAN                                SECTION: "I"(5)
ORLEANS PARISH SHERIFF
OFFICE (OPP)(O.P.S.O.)

## REPORT AND RECOMMENDATION

Presently before the Court in this 42 U.S.C. §1983 proceeding in the Rule 12(b)(6) motion to dismiss of Defendant, Marlin Gusman, Sheriff of Orleans Parish.[1/] Plaintiff has filed no memorandum in opposition to Defendant's motion, timely or otherwise.[2/] For the reasons that follow, it will be recommended that Defendant's motion be granted and that Plaintiff's suit be dismissed.

Plaintiff is an inmate of the Orleans Parish Prison ("OPP") since October 21, 2012 who was initially housed on Tier A-4 but was moved to Templeman 5, another part of the OPP jail system that Plaintiff contends is commonly referred to as the "suicide tier," after being attacked by at least eight other inmates and having his jaw broken. Subsequent to being sent back to court for sentencing on October 15, 2013, Plaintiff was attacked a second

---

[1/] Notwithstanding the manner in which Plaintiff captioned his complaint, a review of page four thereof, where he was directed to provide identifying information for every individual he has named as a Defendant in this lawsuit, reveals that there is but one Defendant in this matter, namely, Sheriff Gusman. (Rec. doc. 11, p. 4). Even if Plaintiff had intended to name the Orleans Parish Prison ("OPP") and/or the Orleans Parish Sheriff's Office ("OPSO") as an additional Defendant(s), that facility and that entity are not capable of being sued under §1983. *Wetzel v. St. Tammany Parish Jail*, 610 F.Supp.2d 545, 548-49 (E.D. La. 2009).

[2/] As Plaintiff has filed no memorandum in response to Defendants' motion, the Court may properly assume that he has no opposition to it. *Johnson v. Colvin*, No. 14-CV-0401, 2014 WL 4186790 at *1 n.1 (E.D. La. Aug. 22, 2014)(citing Local Rule 7.5 and *Bean v. Barnhart*, 473 F.Supp.2d 739, 741 (E.D. Tex. 2007)); *Jones v. Larpenter*, No. 13-CV-0056, 2013 WL 1947243 at *1 n. 1 (E.D. La. Apr. 12, 2013), *adopted* 2013 WL 1947188 (E.D. La. May 10, 2013)(same); *Lucas v. Crowe*, No. 11-CV-2752, 2013 WL 870514 at *1 n. 1 (E.D. La. Feb. 15, 2013), *adopted* 2013 WL 870437 (E.D. La. Mar. 7, 2013)(same).

time by another inmate, resulting in his jaw being re-broken and having to be re-wired. Plaintiff seeks compensatory and punitive damages.  (Rec. doc. 11).

The Defendant now moves for the dismissal of Plaintiff's lawsuit pursuant to Rule 12(b)(6), arguing, *inter alia*, that Plaintiff's complaint contains no facts demonstrating the Sheriff's involvement in this matter and that Plaintiff's claims are otherwise prescribed.  Of course, on a Rule 12(b)(6) like the present one the appropriate inquiry is whether the facts pled by Plaintiff have sufficient facial plausibility.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S.Ct. 1937, 1949 (2009).

Plaintiff gives no indication in his complaint of the capacity in which the named Defendant is being sued.  "When a pro se plaintiff does not specify in his complaint whether a defendant is named in his or her official or individual capacity, it is generally presumed by operation of law that the defendant is named in his or her official capacity."  *Douglas v. Gusman*, 567 F.Supp. 2d 877, 888-89 (E.D. La. 2008).  "'In a suit brought against a municipal official in his [or her] official capacity, the plaintiff must show that the municipality has a policy or custom that caused his injury.'"  *Carter v. Strain*, No. 09-CV-0015, 2009 WL 3231826 at \*2 (E.D. La. Oct. 1, 2009)(quoting *Parm v. Shumate*, 513 F.3d 135, 142 (5th Cir. 2007), *cert. denied*, 555 U.S. 813, 129 S.Ct. 42 (2008)).  "'A plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity.'"  *Id.* (quoting *Colle v. Brazos County, Texas*, 982 F.2d 237, 245 (5th Cir. 1993)).  Rather, the plaintiff ". . . must <u>identify</u> the policy or custom which allegedly caused the deprivation of his constitutional rights."  *Id.* (citing *Murray v. Town of Mansura*, 76 Fed.Appx. 547, 549 (5th Cir. 2003) and *Treece v. Louisiana*, 74 Fed.Appx. 315, 316 (5th Cir. 2003)).

Measured against the foregoing standards, Plaintiff's allegations against the Sheriff in his official capacity fail to state a claim upon which relief can be granted, as he does not allege that the purported deprivation resulted from a policy or custom, much less identify any such policy or custom. *Carter*, 2009 WL 3231826 at *2. Viewing Plaintiff's allegations as being made against the named Defendant in his individual capacity, he fares no better because "[p]laintiffs suing governmental officials in their individual capacities . . . must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." *Id.* at *1 (quoting *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002)). This is so because "'[p]ersonal involvement is an essential element of a civil rights cause of action.'" *Id.* (quoting *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983)). Supervisory officials like the Warden ". . . cannot be held liable for federal civil rights violations allegedly committed by his associates based merely on a theory of strict liability or vicarious liability." *Id.* (footnotes omitted). *Respondeat superior* is simply not a concept which is applicable to proceedings brought under §1983. *Harvey v. Andrist*, 754 F.2d 569, 572 (5th Cir.), *cert. denied*, 471 U.S. 1126, 105 S.Ct. 2659 (1985); *Lozano v. Smith*, 719 F.2d 756, 768, (5th Cir. 1983); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981).

Other than identifying the Sheriff as the Defendant in the caption of and again on page four of his complaint, Plaintiff's principal pleading contains no allegations whatsoever regarding the Sheriff's involvement in this matter. Accordingly, there is no basis upon which to hold the Sheriff liable in his individual capacity here. *Carter*, 2009 WL 3231826 at *1-2.

The Sheriff also moves for the dismissal of Plaintiff's lawsuit on the basis of prescription as Plaintiff complains of no incidents which occurred within the year prior to the date that his complaint was tendered to the court for filing.

Because 42 U.S.C. §1983 contains no statute of limitations, federal courts look to the most analogous state statute of limitations that would apply had the action been brought in state court. *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938 (1985). In Louisiana, delictual actions are subject to a prescriptive period of one year. LSA-C.C. Art. 3492; *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir. 1989). The prescriptive period begins to run from the moment a plaintiff knows or has reason to know of the injury that forms the basis of his complaint. *Helton v. Clements*, 832 F.2d 332, 334-35 (5th Cir. 1987).

The incidents of which Plaintiff complains of all occurred in 2012 and 2013. As any claims regarding those incidents have prescribed, they should alternatively be dismissed as such as lacking in facial plausibility. *Ashcroft*, 556 U.S. at 677-78, 129 S.Ct. at 1949.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Defendant's Rule 12(b)(6) motion be granted and that Plaintiff's suit be dismissed.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this __3rd__ day of _____August_____, 2015.

                                                           MICHAEL B. NORTH
                                      UNITED STATES MAGISTRATE JUDGE

5